The opinion of the court was delivered by
Dustcan, J.
The will of George MiDowell gives rise to this controversy. The question raised by it is, Whether the testator devised to his wife Frances, his lands in Westmoreland county, in fee, or she only took a life estate? The devise is,'as follows: *e As touching such worldly estate wherewith it hath pleased God to bless me in this life, I give and dispose of the same in the following manner and form: First, I give and bequeath to Frances M‘Dowell, my dearly beloved wife, whom I likewise make my sole executrix of this, my last will and testament, all and singular my lands, méssuages, and tenements, in Westmoreland county, to be by her freely possessed and enjoyed. ” He then bequeaths to her certain specific legacies, and then pi'oceed's: “ I also bequeath to my neiee, Martha Glyn, a certain tract or piece of land, situate in Westmoreland county aforesaid, containing one hundred acres lying on the east side of the spring on the said land.” The testator died without issue. The lands in Westmoreland county were held by settlement right. The testator had been driven from them by the Indians some years before he made his will, and the settlers had not returned. If one travelled out of the four corners of the will, in search of the intention of. the testator, it would be inconceivable that he could intend a life estate in a small improvement, without other than cabin buildings, deserted for years, and the cleared land again grown up, on which no purchase money had been paid, and depending on the will of the legislature, which might, by not extending the time of payment, cast the whole burden of it on the tenant for life, or make void the inceptive right. But the case does not require us to make a distinction, between such an inceptive title, and one consummated by patent. In every case, where a testator devises his land without more, his prima facie intention is to give the whole interest. Judges have found themselves constrained, however, to decide that the words, I devise my plantation, my farm, my house, my land, carry only an estate for life, 3 Crunch, 137. But where it appears from the whole will taken together, that the testator intended a fee, if there are any words equivalent to perpetuity, it will be held a fee, and the constant struggle of the courts has been, to seize hold of any word, or any provision to efiectuate the intention. Where any thing is directed to be done, or any intention of the testator to be accomplished, where the words of the devise give only an estate *56 for life, and where such estate would be insufficient to answer the end, a fee passes. The implication must be necessary or manifest, and not dubious or merely probable. Where, from the whole context of the will, it appears the testator intended a fee, and the conscience of a judge so informs him, it is his duty to construe it afee. I do not mean by this, that the words land, plantation, farm, house, ex vi termini will do; but any words in the will, showing the testator did intend a larger estate than for life, or such larger estate is necessary to answer his declared purpose, to accomplish his views. Every case of this sort depends on its own particular circumstances, and is individual. In construing a will, though a fee is not given by the devising clause, yet, if there is any thing on the face of the will to indicate an intention to give a fee, any words equivalent to words of perpetuity, any thing in the four corners of the will from which a fair and demonstrable inference can be drawn of an intention to give a fee, to the disherison of the heir, afee will pass. Equivalent words do not depend on their technicality, but on their reasonable construction, their plain, natural meaning. I will instance some cases, in which the words have been construed as tantamount: I devise all I shall die possessed of: I devise my part; my share; my interest. So, a devise of land wholly to A: all my worldly substance, or effects, real and personal: all my landed property. It is always a question of construction. If the words denote only a description of the specific lands devised, and if no words of limitation are added, the devisee has only an estate for life. But if they denote the quantum of interest or property the testator had in the lands devised, the whole extent of his interest passes to the devisee. These very words — “to be by her freely possessed and enjoyed,” have received a judicial construction;'for in Mudge’s Lessee v. Blight, Cowp. 352, a devise thus, “ As touching my wordly estate, I devise the same as follows; to my two sons, T. M. and R. M., whom I make and ordain my sole executors, I give all my lands and tenements freely to be enjoyed and possessed alike,” passed a tenancy in common, in fee, to T. M. and B. M. The free enjoyment must, as Lord Mansfield says, mean free from all limitations-, that is, the absolute property. Subsequent cases in England may have put a different construction on the words, “ freely to be enjoyed;” as free from impeachment of waste, free from incumbrances; but I am very free to declare, that Lord MaNsfiejld’s construction is the most natural and reasonable, and that the other is but a remote probability; a possibility that the testator might so have intended them; but in my consideration they mean, the free enjoyment for all purposes against the heir. This is the fair meaning, the natural, common sense construction; the other is a forced construction, straining the words against their common use and understanding; not to to effectuate, but to defeat the testator’s intention. They have been construed by this court according to their usual acceptation, and the *57 understanding of all mankind. In Willis v. Bucher, 2 Binn. 464, the Chief Justice puts this construction on them; and, again, words not so strong — “ I give my plantation to my son John, for him to improve and enjoy the same,” were held to pass a fee in Hoge v. Hoge, 1 Serg. & Rawle, 144. I have no disposition to recede from the liberal cast of cases which effectuate the intention of the testator; far from it; without a disposition to overturn any settled principle, on the construction of limitations in wills, I feel a strong inclination to construe them by a rule-of common sense, which is as strong as any case can be. To give to words their natural sense, unless some obvious inconvenience or incongruity would result from such construction, is the cardinal rule in the construction of wills. In addition to the words — “ freely to be enjoyed,” which I consider words of perpetuity, if the prefatory clause, declaring the testator’s intention to devise his whole worldly estate, is taken in connexion with the devising clause, which is always done where there is a clear intention, for the purpose of explaining or enlarging the estate, here there is such an evident intention, without any thing to disconnect,, without any interposing clause, that I must lay hold of it to effectuate the clear intention of the testator, to give his wife' a fee simple. On this branch of lhe case, Winchester’s Lessee v. Tilghman, decided by the Provincial Court of Maryland, and affirmed in the Court of Appeals, 1 Harris & M‘Henry, 452, in which it was held, that “as to the worldly estate it has pleased God to bless me withal,” and after several intervening devises, “ I give unto my daughter Eliza three hundred acres of land, lying in Kent and Queen Jlnne’s counties, called Pharsalia,” passed a fee, is very applicable. The conclusion of law is not, where there is a devise of land, a plantation, a house, without more, that because a fee was intended, therefore a fee is devised; but it is quite certain, that if the intention to devise a fee is evident and manifest from the general scope of the will, taking into view all the circumstances and clauses in the whole will, and uniting them together, it will be construed a fee; and it is not material what words are used, whether technical or not; the meaning and intention being thus collected from the words, or by necessary implication.
Judgment affirmed.